> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2018[*]
Decided November 26, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-2789

| | |
|---|---|
| DURWYN TALLEY, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 2:14-cv-2107 |
| MARY MILLER, et al., <br> *Defendants-Appellees.* | Harold A. Baker, <br> *Judge.* |

**O R D E R**

Durwyn Talley, an Illinois inmate, appeals the district court's denial of his fourth and fifth postjudgment motions challenging the entry of summary judgment on his claims of medical deliberate indifference and retaliation. We affirm.

This litigation has been protracted. After the district judge entered summary judgment, Talley did not appeal. He instead filed a motion to amend judgment under

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Federal Rule of Civil Procedure 59(e) that the judge denied. Talley then filed successive motions for relief from judgment under Federal Rule of Civil Procedure 60(b) that the judge also denied.

Talley followed with his fourth postjudgment motion, also under Rule 60(b), asserting that the judge refused to consider newly discovered evidence. The judge denied this motion on grounds that Talley failed to present any new arguments or evidence.

Talley then submitted his fifth postjudgment motion, also based on Rule 60(b), asking the judge to reconsider his denial of Talley's prior Rule 60(b) motion and expressing a desire to appeal. The judge denied this motion, though he agreed to construe the submission as a notice of appeal.

On appeal Talley generally challenges the district court's rulings, but in a prior order we limited this appeal to a review of the denial of Talley's fourth and fifth postjudgment motions. The judge properly exercised his discretion by denying the fourth motion because Talley asked the judge to reconsider evidence that he already had considered, or Talley presented evidence that was available before the judge entered summary judgment. *See Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008). And as far as Talley challenges the denial of his fifth motion on the basis that the summary judgment violates clearly established law, he may not use Rule 60(b) to make arguments that could have been raised in a timely appeal. *See Mendez v. Republican Bank*, 725 F.3d 651, 660 (7th Cir. 2013).

We have considered Talley's other arguments, and none has merit.

AFFIRMED